**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7191**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DWAYNE MCFADDEN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:04-cr-00564-TLW-1)

Submitted:  December 8, 2015      Decided:  December 18, 2015

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Dwayne McFadden, Appellant Pro Se.  Rose Mary Parham, PARHAM LAW OFFICE, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne McFadden seeks to appeal the district court's order denying his motion for a new trial.

With respect to the portion of the district court's order denying relief under Fed. R. Crim. P. 33, we have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order in part for the reasons stated by the district court. United States v. McFadden, No. 4:04-cr-00564-TLW-1 (D.S.C. June 3, 2015).

The portion of the district court's order construing the new trial motion as seeking relief under 28 U.S.C. § 2255 (2012) and denying such relief to McFadden is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is

2

debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that McFadden has not made the requisite showing. The district court lacked jurisdiction to deny § 2255 relief on the merits. McFadden's motion challenged the validity of his sentence. The motion was properly construed as a successive § 2255 motion, see Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Fed. R. Civ. P. 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same), but should have been dismissed for lack of jurisdiction in light of the absence of pre-filing authorization from this court. See 28 U.S.C. § 2244(b)(3) (2012); Winestock, 340 F.3d at 205.

Accordingly, we deny a certificate of appealability and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART AND
DISMISSED IN PART

3